

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-3-2009

# USA v. Edwin Flamer

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1599

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Edwin Flamer" (2009). *2009 Decisions.* Paper 1935.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1935

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 07-4151 / 08-1421 / 08-1599

———————

UNITED STATES OF AMERICA

v.

EDWIN FLAMER,

Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No.07-cr-00117-001)
District Judge: Honorable James T. Giles

———————

Submitted Under Third Circuit LAR 34.1(a)
January 30, 2009

Before: SCIRICA, Chief Judge, AMBRO, and SMITH, Circuit Judges

(Opinion filed: February 3, 2009)

———————

OPINION

———————

AMBRO, Circuit Judge

Edwin Flamer was convicted in the Eastern District of Pennsylvania of distributing

50 grams or more of cocaine base and sentenced to life imprisonment based on two prior

felony drug convictions. He now appeals his conviction and sentence, along with the

District Court's denial of his post-trial motions for, respectively, additional time to file a

Federal Rule of Criminal Procedure 33 motion for a new trial, and Jencks Act, 18 U.S.C.

§ 3500, and other discovery, material. Flamer's attorney has moved to withdraw his

representation under *Anders v. California*, 386 U.S. 738 (1967). We grant the motion and

affirm Flamer's conviction and sentence, along with the District Court's denial of his

post-trial motions.[1]

I.

Because we write solely for the parties, we recite only those facts necessary to our

decision. On January 11, 2007, Flamer was arrested in Valley Township, Pennsylvania,

for selling cocaine base to an informant who had been working with both local and

federal drug enforcement agents. The sale was recorded by the informant via both audio

and video, while audio recordings were made of the four phone calls during which the

sale was arranged. A subsequent analysis of the substance sold by Flamer revealed it to

be 50.3 grams of cocaine base at 79.8% purity.

On March 7, 2007, a grand jury returned an indictment against Flamer, charging

him with one count of knowing and intentional distribution of 50 grams or more of

cocaine base in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A). A jury found Flamer

guilty after a three-day trial. Flamer then made a *pro se* motion requesting more time

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

with which to file a Rule 33 motion for a new trial, explaining that he was "in the process of hiring a new so attorney so that [he] can have him file a Rule 33 [m]otion on a post trial issue of [i]neffective [a]ssistance of [c]ounsel." The District Court denied the motion and Flamer filed an interlocutory appeal. It later imposed a life sentence on Flamer based on his two prior convictions for sales of cocaine.

Flamer filed an appeal of his conviction and sentence, but shortly thereafter submitted a *pro se* motion seeking to receive all Jencks Act and other discovery material relating to his case. The District Court denied the motion and Flamer appealed that as well.[2]

His counsel filed an *Anders* brief, seeking to withdraw his representation. Flamer declined to file a *pro se* brief.

## II.

Our rules provide that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders*." 3d Cir. LAR 109.2(a). If we concur with trial counsel's assessment, then we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* Accordingly, our "inquiry when counsel submits an *Anders* brief is . . . twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the

---

[2] We have consolidated Flamer's three appeals.

3

record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

We are satisfied that trial counsel's *Anders* brief is adequate and that there are no nonfrivolous grounds on which to challenge either Flamer's conviction or his sentence. The evidence of guilt presented at trial was overwhelming—audio and video tapes that showed Flamer arranging and completing the sale. The tapes were properly admitted by the District Court. The life sentence imposed on Flamer was required under 21 U.S.C. § 841(b)(1)(A) because the drug offense of which Flamer was convicted came after two prior convictions for felony drug offenses became final.

In addition, the District Court did not abuse its discretion in denying Flamer's post-trial motions. The District Court denied Flamer's motion for additional time to file a Rule 33 motion for a new trial on the ground that his ineffective assistance of counsel claim should be pursued in a collateral proceeding, not in a motion for a new trial. This was consistent with the practice of our Court. *See United States v. Chorin*, 322 F.3d 274, 282 n.4 (3d Cir. 2003) (explaining our "preference that ineffective assistance of trial counsel claims be brought as collateral challenges under 28 U.S.C. § 2255, rather than as motions for a new trial").

The Court also correctly denied Flamer's motion for Jencks Act and other discovery material. That motion was submitted after Flamer filed his notice of appeal of his conviction and sentence, at which time the District Court lost jurisdiction over matters

4

pertaining to the conviction.  *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (explaining that "[t]he filing of a notice of appeal . . . confers jurisdiction on the [C]ourt of [A]ppeals and divests the [D]istrict [C]ourt of its control over those aspects of the case involved in the appeal.").

III.

Counsel adequately fulfilled the requirements of *Anders*.  Because our independent review of the record fails to reveal any nonfrivolous grounds for appeal, we will grant counsel's motion to withdraw and affirm the judgments entered by the District Court.  In addition, we certify that the issues presented in the appeal lack legal merit and thus that counsel is not required to file a petition for writ of certiorari with the Supreme Court.  3d Cir. LAR 109.2(b).